THE OVERSEERS OF THE POOR OF THE TOWNSHIP OF JEFFERSON v. THE OVERSEERS OF THE POOR OF THE TOWNSHIP OF PEQUANACK.

An apprentice to gain a settlement in a township, must serve with his or her master or mistress for the space of one full year. If he absents himself from the service and roves abroad, he does not gain a settlement. Subjection to indenture without service under it, does not fulfil the words, nor the design of the statute, *Rev. Laws* 35, *sec.* 1 ; and running away is not service.

---

This was a certiorari to the Court of Quarter Sessions of the county of Morris. The facts in the cause are sufficiently detailed in the opinion of the court delivered by Justice FORD.

*J. W. Miller* for plaintiffs in certiorari, contended that the sessions ought to have quashed the order of removal, because it does not appear that the pauper was before the justices and examined by them; and cited *Rev. Laws,* 44, 764; 3 *Burns' Jus.* 27; 2 *Salk.* 467; 2 *Stra.* 1016; 1 *Penn.* 311; 4 *Halst.* 20.

2. That the indenture was void, as it was proved by all the witnesses, that the pauper did not possess common understanding, and cited *Chitty on Contracts,* 29; 2 *Stra.* 1104; 2 *Black. Com.* 291.

3. That there was no evidence of a legal service in the township of Jefferson. The evidence upon the point was, that it was a year from the time the pauper was bound, until he finally left Seward's and went to Beman's. All the witnesses say, that during this year, he was continually running away, and that he never staid a week at a time. The statute requires that there should be a service of one full year, which must be taken to mean a continuous service of the whole year at one time, and not parts of a year extending throughout the term of a year. *Coxe,* 289; 4 *Halst.* 62; 19 *John. Rep.* 56; 1 *Black. Rep.* 553; 1 *Botts' Poor Laws,* 54, 415. In England, a settlement by a hiring for a year, is lost by an absence for a few days in the year. 10 *East.* 325; 1 *Maul. & Sel.* 622; 1 *East.* 599; 4 *T. R.* 219, 100; 5 *T. R.* 21; 7 *Term. Rep.* 438; 3 *Burns' Jus.* 444.

In New York, to hold an office for one year, gains a settlement, and yet it has been determined, that only acting a part of the year, and occasionally the rest will not. 16 *John. Rep.* 188; 1 *N. R. L.* 279; 1 *New York Dig.* 136; *sec.* 41.

*Scudder,* contra.

FORD, J. Two justices of the peace of the county of Morris, made an order for the removal of David Hayward from the township of Pequanack to the township of Jefferson, adjudging his legal settlement to be in the latter place; and upon an appeal to the sessions their order was affirmed.

The pauper had been an apprentice to one Obadiah Seward, a resident inhabitant of the township of Jefferson, a little more than one year under an indenture, and the statute provides that " every person who shall serve an apprenticeship under an in-

Jefferson *v.* Pequanack.

denture, shall obtain a legal settlement in the township in which such apprentice shall serve with his or her master or mistress for the space of one full year." *Rev. Laws*, 35, *sec.* 1.

This apprentice had the reputation of having lived with his master in the township of Jefferson, for the space of a little more than a year.   Two of the children of Obadiah Seward, then living at home with their father, testified that they considered the time of his residence in Jefferson with their father, not to exceed a year, but a third witness believed it might be a little more.   If we take the whole time according to the largest of these estimates, it cannot amount to *service* for one full year, as almost, if not quite, one half of it was spent by the apprentice in vagrancy, owing to his being deficient in common sense; in running away from home, and roving from place to place, against the will of his master. Two of those witnesses testified, "that he was running away continually; they do not believe he ever stayed at home a month at a time, and that he was absent a month at a time frequently." Benjamin Hayward, a third witness, testified to his belief, that the apprentice, who was his brother, never stayed one month at a time at one place in his life, but was in the habit of roving from place to place. The witnesses did not vary as to these facts; which must be taken as they presented them to the sessions, and as the sessions returned them to this court in the state of the case.   These facts seem to afford a fair inference that nearly or perhaps quite half of that year was spent in absence from home while running away and roving abroad ; but even if it amounted to a third or fourth part of it, the remainder could not be "service with his master for one full year," as the statute requires.   No man would pay for it as a year's service, nor could it be considered such in a suit for wages. There is a case in *Coxe's Rep.* 289, where an indented servant, after staying three months with his master ran away and after nine months' absence returned again, but his master would not receive him, and the court held it not to be service for a full year, although he was under indenture the whole time. Subjection to indenture, without service under it, does not fulfil the words nor the design of the statute ; and running away is not service.   Therefore I am of opinion

that the order of removal and affirmance of the Sessions must be set aside and reversed.

EWING, C. J. and DRAKE, J. concurred.

Order of removal and of the Sessions quashed.